HUGH MORRISON *vs.* THOMAS MCDERMOTT & trustee.

Under Gen. Sts. *c.* 142, §§ 60, 62, 73, if an adverse claimant has been admitted as a party to a trustee process and a trial had between him and the plaintiff, the trustee is entitled to costs for travel and term fees as long as the case is pending; and the discretion of the court in relation to costs only extends to the determination of the question whether they shall be paid by the plaintiff or the claimant.

TRUSTEE PROCESS, originally entered in the police court of Lowell, where an adverse claimant was admitted as a party, and afterwards brought by appeal to the superior court, where, upon a trial between the plaintiff and the claimant, the latter obtained a verdict. The trustee appeared in the superior court during the whole time that the process was pending there, but no issue of fact was tried between him and the plaintiff. The plaintiff then moved that full costs should not be allowed to the claimant and the trustee; and *Wilkinson,* J. decided that the court had discretionary power in regard to the taxation, and ordered that the trustee should only be allowed to tax costs in the police court. The trustee alleged exceptions.

*T. H. Sweetser,* ( *W. S. Gardner* with him,) for the trustee.

*D. S. Richardson & J. F. McEvoy,* for the plaintiff, cited *Hoyt* v. *Sprague,* 12 Pick. 414.

HOAR, J. By Gen. Sts. *c.* 142, §§ 60, 62, a trustee is entitled to his costs for travel and term fees, with such further sum for counsel fees and expenses as the court may deem reasonable. The statute does not expressly state for what time in the progress of the suit the costs for travel and term fees shall be taxable; but it would seem to be obviously just to allow them so long as his attendance in the suit is required; that is, until he is charged or discharged as trustee. Such we understand to have been the practice. The intervention of a claimant only serves to defer the period at which the liability of the trustee can be determined.

Section 73 of the same chapter provides that " when an adverse claimant is admitted as a party, the court may award costs between him and the attaching creditor and supposed trustee,

or either of them, as justice and equity require." The plaintiff claimed that this provision made the question of costs between the trustee and the plaintiff subject to the discretion of the court, and this claim was sustained by the court below. The literal meaning of the section is hardly consistent with this view ; and we think a comparison with Rev. Sts. *c.* 109, § 21, from which the section is copied, shows conclusively that such was not the intention of the legislature. The expression used in the Revised Statutes is this, that " the court may, at their discretion, award costs between the claimant, on the one part, and the attaching creditor and the supposed trustee, or either of them, on the other part, as justice and equity may require." The commissioners' report on the General Statutes intimates no intention to change the law, and the change in phraseology is merely for the sake of brevity.

The court are therefore of opinion that it was not intended that a discretion should be exercised, upon the question of the right of the trustee to receive costs until he is charged or discharged ; but only in relation to the party by whom his costs shall be paid. The trustee and the claimant are never antagonistic parties, litigant with each other. There can be no reason why the claimant should recover costs, in any event, against the trustee. But as, in the litigation between the claimant and the plaintiff, but a part of the fund may be in dispute, or the intervention of the claimant may delay the decision of the trustee's liability, and increase the costs which he is to receive, either from the fund in his hands, if he is charged, or from the plaintiff, if he is discharged, there may be equities arising between the claimant and the plaintiff, which may make it proper that these costs shall be borne, from the time the claimant intervenes, either wholly by the plaintiff, or wholly by the claimant, or in part by each. The direct costs between claimant and plaintiff are also matters of equitable adjustment. Thus, if the claimant fails to sustain his claim, and the trustee is finally charged, it may be inequitable that the costs should be a charge upon the fund upon which the plaintiff is to have a lien. Or the claimant may sustain his claim, and yet the circumstances may

be such that justice would require that the plaintiff should not be subjected to the whole of the costs to be paid to the trustee.

But we do not think that the discretion of the court extends to any disallowance of the trustee's costs against the plaintiff, in a case where he is otherwise entitled to tax them, unless where the part disallowed is awarded to the trustee against the claimant. The exceptions are therefore sustained, and the trustee is to be allowed his costs for travel and term fees against the plaintiff until he was discharged.